**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on November 06, 2009, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: November 06, 2009**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 09-14461 |
| | ) | |
| YAHNE X. CHAPMAN, | ) | |
|     Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| DANIEL M. McDERMOTT, | ) | Judge Arthur I. Harris |
| UNITED STATES TRUSTEE, | ) | |
|     Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 09-1207 |
| v. | ) | |
| | ) | |
| YAHNE X. CHAPMAN, | ) | |
|     Defendant. | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the motion of the Debtor-defendant, Yahne Chapman, ("Debtor") to dismiss, and the response of the United States Trustee ("U.S. Trustee"). For the reasons that follow, the motion of the

___

[1] This Memorandum of Opinion is not intended for official publication.

Debtor to dismiss this adversary proceeding shall be granted unless, within 21 days, the U.S. Trustee files an amended complaint either: (1) joining the creditors whose debts are at issue in this adversary proceeding, or (2) seeking a simple declaratory judgment that any debt that was, or could have been, scheduled in the Debtor's 2006 bankruptcy case (Case # 06-13269) will not be discharged in this case.

## JURISDICTION

The Court has jurisdiction over this action. A claim to determine the dischargeability of a debt under 11 U.S.C. § 523 is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and 28 U.S.C. § 1334, which falls within the jurisdiction granted to the Court pursuant to Local General Order Number 84, dated July 16, 1984.

## FACTUAL AND PROCEDURAL HISTORY

*1. The Debtor's Prior Bankruptcy Cases*

Including this case, the Debtor has filed for bankruptcy at least six times. On October 23, 1998, the Debtor filed a *pro se* Chapter 7 bankruptcy petition (case # 98-18183). On February 10, 1999, she received a discharge. On November 2, 2003, the Debtor filed a Chapter 13 bankruptcy petition (case # 03-24568) that was ultimately dismissed. The Debtor filed two more

Chapter 13 bankruptcy petitions (case #'s 05-15112 and 05-24612), both of which were ultimately dismissed. On July 28, 2006, the Debtor filed a *pro se* Chapter 7 bankruptcy petition (case # 06-13269).

In the Debtor's 2006 bankruptcy case, (case # 06-13269) the U.S. Trustee initiated an adversary proceeding (# 06-1977) against the Debtor seeking a denial of discharge under 11 U.S.C. § 727(a)(4) and (a)(8). According to the complaint, the Debtor had failed to disclose her prior Chapter 7 bankruptcy case (case # 98-18183), in which she received a discharge. Additionally, the U.S. Trustee alleged that the Debtor was ineligible for a Chapter 7 discharge because she had commenced the prior Chapter 7 case within eight years of the filing of case # 06-13269. The Debtor did not respond to the complaint, and on February 1, 2007, the Court entered a default judgment against the Debtor denying the Debtor a discharge in case # 06-13269 pursuant to 11 U.S.C. § 727(a)(4)(A) and (a)(8).

*2. The Debtor's Current Bankruptcy Case*

On May 20, 2009, the Debtor filed her current Chapter 7 bankruptcy petition. On June 17, 2009, the U.S. Trustee filed this adversary proceeding seeking a denial of discharge under 11 U.S.C. § 523(a)(10) of any debts that the Debtor listed or could have listed in her 2006 bankruptcy case. On

3

09-01207-aih    Doc 15    FILED 11/06/09    ENTERED 11/06/09 14:03:08    Page 3 of 8

August 5, 2009, the Debtor filed a motion to dismiss arguing that the U.S. Trustee lacks standing to bring this action. The U.S. Trustee filed a response the same day. On August 11, 2009, the Court held a pretrial, at which time the parties requested a briefing schedule. On August 25, 2009, the Debtor filed a further brief in support of the motion to dismiss, and on September 10, 2009, the U.S. Trustee filed a further brief in opposition.

## DISCUSSION

The Debtor seeks dismissal of this adversary proceeding under Fed. R. Civ. P. 12(b)(6), made applicable pursuant to Fed. R. Bankr. P. 7012(b).

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) the Court must construe the complaint in the light most favorable to the plaintiff and "accept all well-pled allegations as true." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Additionally, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to Rule 12(b), the Court will not

consider matters outside the pleadings in addressing the Debtor's Rule 12(b)(6) motion to dismiss.

The Debtor argues that pursuant to Fed. R. Bankr. P. 4007 the U.S. Trustee lacks standing to bring this action. Fed. R. Bankr. P. 4007 provides in pertinent part:

> *(a) Persons Entitled to File Complaint.* A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt.

The Sixth Circuit has interpreted Fed. R. Bankr. P. 4007(a) to mean that a Chapter 7 Trustee lacks standing to bring an action to determine the nondischargeability of a debt. *See Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1170 (6th Cir. 1996) ("The *Farmer* opinion is correct that a trustee may not file a nondischargeability complaint.") (*citing In re Farmer*, 786 F.2d 618, 620 (4th Cir. 1986)).

The U.S. Trustee argues that he has standing to bring this action pursuant to the broad authority granted to the U.S. Trustee under 11 U.S.C § 307. Section 307 provides:

> The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title.

The statutory language of § 307 is extremely broad; however, whether § 307 is

broad enough to overcome the apparently plain language of Rule 4007(a) is unclear. The parties have not directed the Court to any authority that addresses the interplay of § 307 and Rule 4007(a), and the Court has similarly been unable to find any case law that is directly on point. Nevertheless, the Court need not decide whether the U.S. Trustee has standing. Even if the U.S. Trustee has standing under § 307, the Court cannot proceed because the creditors whose debts are the basis for the U.S. Trustee's action are not parties to the adversary proceeding.

Rule 19 of the Federal Rules of Civil Procedure made applicable pursuant to Fed. R. Bankr. P. 7019, requires certain interested parties to be included. Federal Rule of Civil Procedure 19 states in pertinent part:

> (a) **Persons Required to Be Joined if Feasible.**
> 
> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> 
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> 
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> 
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> 
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The U.S. Trustee filed this adversary proceeding seeking a denial of discharge of any debts that the Debtor listed or could have listed in her 2006 bankruptcy case; however, the creditors whose debts are at issue are not parties to this adversary proceeding. The Court believes that their interests could be impaired or impeded as result of this case. For example, at least in theory, the U.S. Trustee could litigate and lose a claim that creditor X's debt could have been scheduled in the Debtor's 2006 bankruptcy case, even though creditor X, if a party to the proceeding, might have successfully prosecuted the same claim. Consequently, the creditors are necessary parties under Fed. R. Civ. P. 19(a)(1)(B), and the complaint as currently drafted is subject to dismissal under Fed. R. Civ. P. 12(b)(7) for failure to join a party under Rule 19.

On the other hand, while the current complaint does not seek a simple declaratory judgment regarding the effect of any discharge in the present case on debts that were scheduled or could have been scheduled in the Debtor's 2006 bankruptcy case, the Court believes that such an action could be brought by the U.S. Trustee without joining the creditors whose debts are at issue. Such an action would leave the Debtor and the individual creditors free to pursue future dischargeability actions under 11 U.S.C § 523 and Rule 4007 (*e.g.*, on the issue of whether a debt could have been scheduled in the Debtor's 2006 bankruptcy case).

CONCLUSION

For the foregoing reasons, the motion of the Debtor to dismiss this adversary proceeding shall be granted unless, within 21 days, the U.S. Trustee files an amended complaint either: (1) joining the creditors whose debts are at issue in this adversary proceeding, or (2) seeking a simple declaratory judgment that any debt that was, or could have been, scheduled in the Debtor's 2006 bankruptcy case (Case # 06-13269) will not be discharged in this case.

IT IS SO ORDERED.