**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 16, 2010, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: March 16, 2010**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 09-14461 |
| | ) | |
| YAHNE X. CHAPMAN, | ) | |
|     Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| DANIEL M. McDERMOTT, | ) | Judge Arthur I. Harris |
| UNITED STATES TRUSTEE, | ) | |
|     Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 09-1207 |
| v. | ) | |
| | ) | |
| YAHNE X. CHAPMAN, | ) | |
|     Defendant. | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the unopposed motion of the United States Trustee ("U.S. Trustee") for summary judgment. For the reasons that follow, the motion of the U.S. Trustee is granted.

---

[1] This Memorandum of Opinion is not intended for official publication.

## JURISDICTION

The Court has jurisdiction over this action. A claim to determine the dischargeability of a debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and 28 U.S.C. § 1334, which falls within the jurisdiction granted to the Court pursuant to Local General Order Number 84, dated July 16, 1984.

## FACTUAL AND PROCEDURAL HISTORY

### 1. The Debtor's Prior Bankruptcy Cases

Including this case, Yahne Chapman ("Debtor") has filed for bankruptcy at least six times. On October 23, 1998, the Debtor filed a *pro se* Chapter 7 bankruptcy petition (case # 98-18183). On February 10, 1999, she received a discharge. On November 2, 2003, the Debtor filed a Chapter 13 bankruptcy petition (case # 03-24568) that was ultimately dismissed. The Debtor filed two more Chapter 13 bankruptcy petitions (case #'s 05-15112 and 05-24612), both of which were ultimately dismissed. On July 28, 2006, the Debtor filed a *pro se* Chapter 7 bankruptcy petition (case # 06-13269).

In the Debtor's 2006 bankruptcy case, (case # 06-13269) the U.S. Trustee initiated an adversary proceeding (# 06-1977) against the Debtor seeking a denial of discharge under 11 U.S.C. § 727(a)(4) and (a)(8). According to the complaint, the Debtor had failed to disclose her prior Chapter 7 bankruptcy case

(case # 98-18183), in which she received a discharge. Additionally, the U.S. Trustee alleged that the Debtor was ineligible for a Chapter 7 discharge because she had commenced the prior Chapter 7 case within eight years of the filing of case # 06-13269. The Debtor did not respond to the complaint, and on February 1, 2007, the Court entered a default judgment against the Debtor denying the Debtor a discharge in case # 06-13269 pursuant to 11 U.S.C. § 727(a)(4)(A) and (a)(8).

## 2. *The Debtor's Current Bankruptcy Case*

On May 20, 2009, the Debtor filed her current Chapter 7 bankruptcy petition. On June 17, 2009, the U.S. Trustee filed this adversary proceeding seeking a denial of discharge under 11 U.S.C. § 523(a)(10) of any debts that the Debtor listed or could have listed in her 2006 bankruptcy case. On August 5, 2009, the Debtor filed a motion to dismiss arguing that the U.S. Trustee lacks standing to bring this action. The U.S. Trustee filed a response the same day. On November 6, 2009, the Court issued a Memorandum of Opinion granting the Debtor's motion to dismiss unless the U.S. Trustee filed an amended complaint either: (1) joining the creditors whose debts are at issue in this adversary proceeding, or (2) seeking a simple declaratory judgment that any debt that was, or could have been, scheduled in the Debtor's 2006 bankruptcy case

3

(Case # 06-13269) will not be discharged in this case.

On November 10, 2009, the U.S Trustee filed an amended complaint seeking a declaratory judgment that any debt that was, or could have been, scheduled in the Debtor's 2006 bankruptcy case is ineligible for discharge in the Debtor's current bankruptcy case. On November 23, 2009, the Debtor filed her answer to the amended complaint. On January 27, 2010, the U.S. Trustee moved for summary judgment. The Debtor has not responded, and the Court is ready to rule.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County,* 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must

identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will review the evidence in a light most favorable to the nonmoving party. *See Tennessee Department of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

### A. U.S. Trustee Standing

Before the Court addresses the merits of the U.S. Trustee's motion for summary judgment, the Court must first determine whether the U.S. Trustee has standing to bring this action. Section 307 of the Bankruptcy Code grants the U.S. Trustee broad authority. Section 307 provides:

> The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title.

The Sixth Circuit has stated that "the U.S. Trustees are responsible for

5

'protecting the public interest and ensuring that bankruptcy cases are conducted according to the law.' " *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (*quoting* H. Rep. 595 at 109, reprinted in 1978 U.S. Code Cong. & Admin. News at 6070). As the Court stated in its November 8, 2009, Memorandum of Opinion, the Court believes that the U.S. Trustee has standing to pursue a declaratory judgment regarding the effect of any discharge in the present case on debts that were scheduled or could have been scheduled in the Debtor's 2006 bankruptcy case.

*B. Denial of Discharge of Prior Debts Pursuant to 11 U.S.C. § 523(a)(10)*

The U.S. Trustee asserts that any debt that was, or could have been, scheduled in the Debtor's 2006 bankruptcy case (case # 06-13269) should be deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(10). Section 523(a) states in pertinent part:

> (a)  A discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> . . . .
>
> (10) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under section 14c(1), (2), (3), (4), (6), or (7) of such Act

On February 1, 2007, the Court issued an order in adversary proceeding
6

# 06-1977 denying the Debtor a discharge in her related bankruptcy case (case # 06-13269) pursuant to § 727(a)(4)(A) and (a)(8). Based on the plain language of § 523(a)(10) any debt that the Debtor scheduled, or could have scheduled, in case # 06-13269 is nondischargeable in this case.

## CONCLUSION

For the foregoing reasons, the U.S. trustee's motion for summary judgment is granted. The Court will enter a declaratory judgment stating that any debt that was, or could have been, scheduled in the Debtor's 2006 bankruptcy case (case # 06-13269) is nondischargeable pursuant to 11 U.S.C. § 523(a)(10).

IT IS SO ORDERED.